E-FILED
Friday, 07 February, 2014  11:25:49 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN D. HAYWOOD, | ) |
| | ) |
| Plaintiff, *pro se*, | ) |
| | ) |
| v. | ) Case No. 12-CV-2302 |
| | ) |
| CHAMPAIGN COUNTY, ILLINOIS, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

ORDER ON MOTION TO DISMISS

The plaintiff, John D. Haywood, acting pro se, commenced this case against defendants Champaign County, Illinois, Champaign County Court/Courthouse System, Champaign County Sheriff's Department, Champaign County Prosecutor Julia Rietz, Champaign County Appointed Counsel Diana Lenik, Champaign County Sheriff's Deputy Kurt Apperson, and Champaign County Sheriff's Deputy David Sherrick.

Haywood's first amended complaint is nineteen pages of excruciating detail. Haywood complains of various violations of his constitutional rights which he claims caused his prosecution for baseless charges of juvenile pimping and sexual assault, and the forfeiture of his house and car. Haywood is in custody at Menard Correctional Center, where he is serving a 45-year sentence.

Haywood's Count I is a claim under the Fourth Amendment for illegal search and seizure, conspiracy, fraud, and legal malpractice. Count II is a claim of ineffective assistance of counsel. Count III is a claim of prosecutorial misconduct, malicious prosecution, selective prosecution, perjury, deliberately misleading the fact finder, putting forth known perjured testimony, and failing to inform the fact finder of known perjured testimony. Count IV is a claim against Champaign County and the Champaign County Court/Courthouse System for violations of the First, Eighth, and Fourteenth Amendments to the United States Constitution. Count IV includes conspiracy to defraud and deprive the plaintiff of his life and, consequently, a claim for wrongful death because he is likely to die in prison.

Defendants Champaign County, Champaign County Sheriff's Department, Julia Rietz, Diana Lenik, and Kurt Apperson have filed a motion to dismiss. (Haywood did not serve the other defendants or file their waivers of service of summons.) Haywood has filed a response to the motion, arguing, among other things, that his injuries continued through the date he filed the complaint, and are ongoing.

Haywood has a pending (but stayed) petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254. *See Haywood v. State of Illinois*, Case No. 12-2181 (C.D. Ill.). He is clear in his amended complaint in this civil case that it should not be confused with his petition for habeas corpus because in this complaint he is seeking compensatory and punitive damages, and not a release from custody. He is correct; when an inmate seeks something other than "an immediate or speedier release from confinement," he must proceed through 42 U.S.C. § 1983. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011). The confusion may arise where, as here, the factual basis is essentially the same for both. The court will assume for the moment that if Haywood were to prevail in this case, it would not necessarily imply the invalidity of Haywood's conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If so, "the action should be allowed to proceed, *in the absence of some other bar to the suit*." *Heck*, 512 U.S. at 487 (emphasis added).

Unfortunately for Haywood, there are other bars to suit, but the primary bar is the statute of limitations. As an initial matter, Haywood and the defendants are Illinois citizens or entities. Haywood cannot sue them in federal court unless he proceeds under federal law.[1] *See* 28 U.S.C. § 1332. Claims under 42 U.S.C. § 1983 (the federal statute under which Haywood proceeds) are subject to a two-year statute of limitations. *Hileman v. Maze*, 367 F.3d 694,696 (7th Cir. 2004). Haywood is not free to pick and choose a different limitation period under state law. The two-year limitation applies, regardless of how he characterizes his various claims (which, in his response to the defendants' motion, he characterizes as legal malpractice and fraudulent concealment, among other claims).

Haywood's injury is not continuing or ongoing as the law would recognize it. If he could prove every element of his claims, it would show that he was deprived of his civil rights no later than a certain date. The fact that he continues to suffer from the results of the deprivation does not extend the limitation period. If a deprivation were deemed to continue until rectified, there would be no need for a limitation period within which to sue; all deprivations would be timely until rectified. Certainly, that is not the law.

The discussion above pertains only to Haywood's case under Section 1983 and not to his habeas petition, for which different limitations periods apply. The court offers no opinion at this time as to whether he has a timely, or meritorious, petition for habeas relief under Section 2254.

The motion to dismiss [23] is granted. This case is terminated. The parties shall bear their own costs.

Entered this 7th day of February, 2014.

                                             /S/HAROLD A. BAKER
                                       UNITED STATES DISTRICT JUDGE

---

[1] Claims under state law between citizens of the same state must be brought in state court.